UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
XIONG CHEN,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                          12–CV-1612 (FB) (LB)
    -against-

WEIQI ZHANG, SHUK PING LAI, BAI QIANG
SU, and 128 MONTAGUE INC. operating under
the tradename "ANDY'S RESTAURANT,"

                Defendants.
---------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                  *For Defendants:*
VINCENT S. WONG, ESQ.                 RUSSELL PORTER, ESQ.
Law Offices of Vincent S. Wong          Russell Porter, Xie and Associates
39 East Broadway, Suite 304                401 Broadway, Suite 1010
New York, NY 10002                           New York, NY 10013

**BLOCK, Senior District Judge:**

      Plaintiff Xiong Chen ("Chen") brings this action against defendants Weiqi Zhang ("Zhang"), Shuk Ping Lai ("Lai"), Bai Qiang Su ("Su"), and 128 Montague Inc. (doing business as Andy's Restaurant), alleging violations of federal and state wage laws. Plaintiff contends that defendants: (1) failed to pay him the proper overtime premium under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and (2) failed to pay him the spread of hours premium for each day he worked over 10 hours in violation of the NYLL. Both parties have moved for summary judgment on all claims. For the reasons set forth below, the motions are denied in their entirety.

I.

      Andy's Restaurant ("Andy's") is a Chinese restaurant in Brooklyn, NY, located on

Montague Street in the heart of Brooklyn Heights.  It is undisputed that Andy's offers both lunch and dinner service seven days each week, that plaintiff worked for Andy's for some time as a waiter, and that he was paid a base salary of $150 per week before adding income from tips.  Neither party disputes that records—either those of Chen or Andy's—do not exist in connection with Chen's employment, his weekly work schedule, the hours he worked, or the money he earned.  Hardly anything else is undisputed between the parties.

Chen alleges that he was employed by defendants from February 9 or 10, 2008, through November 1, 2011.  Defendants claim that he did not work for Andy's in 2008 and 2009.  Chen alleges that he worked from 10:30am to 10:15pm on weekdays, and one half-day each weekend.  Defendants say he never worked later than 8:30pm.  Chen also alleges that he was not given breaks, and that he ate while working his shift.  Defendants assert that all waiters received at least 90 minutes of break time during the day.

As for income, plaintiff alleges that he earned between $40 and $50 in tips on weekday lunch shifts; $30 per weekday dinner shift; $30 per weekend lunch shift; and $65 to $70 per weekend dinner shift.  Defendants dispute all those allegations, claiming that Chen received between $50 and $60 for weekday lunch shifts; between $100 and $120 per weekday dinner shift; and on weekends $24 for lunch tips and $57 for dinner tips.  Neither party has records that substantiate the tip amounts.

Defendants also argue that Su is a chef, and not an employer for purposes of the FLSA.  Chen alleges that he considered Su to be one of his bosses, and that Su had the power to fire him, oversaw his work, and under the expansive interpretation given to the term under the

2

FLSA and NYLL, that Su qualifies as an "employer."

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

To comply with the FLSA, an employer must compensate employees at an overtime rate of at least 1.5 times the regular rate for hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1); *see also Lundy v. Catholic Health Sys. of Long Island Inc.*, --- F.3d ----, 2013 WL 765117, at *4 (2d Cir. 2013). New York requires the same. NY Comp. Codes R. & Regs. tit. 12,§ 142–2.2 (same methods as employed in the FLSA for calculating overtime wages).

The record shows disputes over every material fact related to the FLSA and NYLL overtime premium claims and the spread of hours premium claim under the NYLL:

- which years plaintiff actually worked for Andy's
- how many days per week he worked
- how many hours per day he worked
- whether he was given breaks during his shifts
- how much he actually received in tips for weekday lunches, weekday dinners, weekend lunches, and weekend dinners

3

The record is also unclear as to whether Chen's weekend half-day was the lunch or the dinner shift, and whether it varied from one week to the next. Thus, summary judgment must be denied for both parties on all those claims.

As for defendants' argument that Su is not an employer, they offer a stock certificate showing an absence of Su's name, but little more to assist the Court in determining whether he is an employer under the FLSA and NYLL. A thin record that merely demonstrates non-ownership does not foreclose the possibility that Su is an "employer." *See Falk v. Brennan*, 414 U.S. 190, 195 ("In view of the expansiveness of the Act's definition of 'employer' and the extent of D & F's managerial responsibilities at each of the buildings, which gave it *substantial control of the terms and conditions* of the work of these employees, we hold that D & F is, under the statutory definition, an 'employer' of the maintenance workers.") (emphasis added); *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) ("Even in the individual-liability context, however, 'the remedial nature of the [FLSA] ... warrants an expansive interpretation of its provisions.") (citation omitted). Defendants' motion as to Su is therefore denied.

Finally, defendants argue that even accepting the minimum working hours and income to which Chen has admitted in his deposition, he cannot prevail under the FLSA for his overtime premium claim. In support, they offer a table of calculations based on Chen's testimony and argue that he earned more than the minimum required. This, however, must be rejected, because defendants failed, as the Court must do on a summary judgment motion, to draw "all justifiable inferences" in Chen's favor. *Anderson*, 477 U.S. at 255. In the context of an FLSA analysis, this means using the lowest of Chen's estimates of the hours and days

4

he worked, and the wages and tips he earned.

Applying this approach, the Court finds that Chen could not have earned even the minimum wage to which he was entitled, let alone the overtime premium. Chen was entitled to a minimum weekly wage under federal law of $557.80.[1] Resolving factual ambiguities in favor of Chen, he earned $530.00, which fails to meet the minimum.[2] On this basis alone the defendants' argument fails—i.e., because defendants cannot establish that Chen earned even the minimum wage required for the week, their claim that he also earned in excess of the overtime premium cannot survive summary judgment.

### III.

For the reasons stated above, the parties' motions for summary judgment are denied in all respects.

**SO ORDERED.**

                                                 /S/ Frederic Block  
                                                FREDERIC BLOCK  
                                                Senior United States District Judge

Brooklyn, New York  
December 23, 2013

---

[1] Assuming Chen worked from 10:30am to 10:15pm for 5 days, with no breaks, and then for one half day each weekend, he worked 64.625 hours each week. For the first 40 hours, Chen must be paid the federal minimum wage of $7.25/hour, or $290 total. For the remaining 24.625 hours, Chen must be paid 150% of the minimum wage, a total of $267.80. The total is $557.80.

[2] The Court assumes, as defendants did not, that Chen earned tips during his half-day on the weekend only from the lower-paying lunch shift. Defendants' calculations assumed that Chen earned tips from *both* lunch and dinner shifts—which more than tripled their estimates of his weekend tip earnings—yet simultaneously minimized the estimate of the hours he worked by assuming he worked only half a day.